IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| MERCK & CO., INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 04-939 (JJF) |
| v. | ) | |
| | ) | |
| TEVA PHARMACEUTICALS USA, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| THE PROCTOR & GAMBLE CO., | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 04-940 (JJF) |
| | ) | |
| v. | ) | |
| | ) | |
| TEVA PHARMACEUTICALS USA, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**TEVA PHARMACEUTICALS USA, INC.'S REQUEST FOR
RECONSIDERATION OF THE COURT'S ORDER OF MAY 5, 2005,
DECLINING CONSOLIDATION**

In accordance with Delaware Local Rule 7.1.5, Teva Pharmaceuticals USA, Inc. respectfully requests that the Court reconsider its order of May 5, 2005, declining to consolidate *Merck & Co. v. Teva Pharmaceuticals USA, Inc.*, CA 04-939 (JJF), and *Proctor & Gamble Co. v. Teva Pharmaceuticals USA, Inc.*, CA 04-940 (JJF). (D.I. # 17). Both actions are **non-jury** Hatch-Waxman Act cases, in which the plaintiffs allege that Teva's marketing of its generic versions of ACTONEL risedronate tablets will infringe their patents. Both cases involve the same Abbreviated New Drug Application, both

involve the same approved and marketed drug, both are on the same pretrial schedule,[1] and both involve the same technology. Proctor & Gamble, the plaintiff in 04-940, is a licensee under the patents Merck is asserting in 04-939.

The Court recognized that the cases have "some common issues," but cited as a reason for denying the request the "potential for confusion to a jury." Neither of these cases, however, is a jury case. No party has sought a jury. In fact, since both actions are ANDA cases, trial by jury is not available. Therefore, there is no possibility of jury confusion, and neither Merck nor Proctor & Gamble ever raised potential confusion as a ground for its opposition to Teva's request. Thus, the Court has set the two closely related cases on separate tracks, headed toward separate destinations, i.e., two complex, time-consuming bench trials, based on a misapprehension of their nature.

The Court should grant a request for reconsideration when a ruling is based on an error of "apprehension" of fact. *Brambles USA, Inc. v. Blocker*, 735 F. Supp. 1239, 1241 (D. Del. 1990). Here, the Court has relied on a factual assumption that is not correct. Accordingly, Teva requests that the Court reconsider its order and consolidate the two

---

[1] On May 9, 2005, the Court issued orders in both cases directing the parties to submit proposed schedules. The parties, however, had already done so. *See* D.I. # 8 (04-939) and D.I. # 10 (04-940). These schedules are virtually identical.

cases for the reasons stated in its memorandum filed March 8, 2005. (D.I. # 11 (04-939); D.I. # 16 (04-940)).

                      Respectfully submitted,

                      YOUNG, CONAWAY, STARGATT &
                         TAYLOR LLP

Dated: May 10, 2005            By _____
                                        Josy W. Ingersoll (#1088)
                                        The Brandywine Building
                                        1000 West Street, 17th Floor
                                        P.O. Box 391
                                        Wilmington, DE 19899
                                        (302) 571-6672
                                        jingersoll@ycst.com

                      Counsel for defendant
                      Teva Pharmaceuticals USA, Inc.

OF COUNSEL
James Galbraith
Maria Luisa Palmese
Antony Pfeffer
KENYON & KENYON
One Broadway
New York, NY 10004
(212) 425-7200

## CERTIFICATE OF SERVICE

I, Josy W. Ingersoll, hereby certify that on May 10, 2005, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

> Mary B. Graham, Esquire
> Morris, Nichols, Arsht & Tunnell
> 1201 N. Market Street
> Wilmington, DE 19801
>
> Frederick L. Cottrell, III, Esquire
> Richards, Layton & Finger
> One Rodney Square
> Wilmington, DE 19801

I further certify that on May 10, 2005, I caused a copy of the foregoing document to be served by hand delivery on the above-listed counsel of record and on the following non-registered participants in the manner indicated:

### BY FEDERAL EXPRESS

> Nicholas G. Barzoukas, Esquire
> Howrey, Simon, Arnold & White
> 750 Bering Drive
> Houston, TX 77057
>
> William F. Lee, Esquire
> Wilmer Cutler Pickering Hale and Dorr LLP
> 60 State Street
> Boston, MA 02109

> Josy W. Ingersoll (#1088)
> YOUNG CONAWAY STARGATT & TAYLOR, LLP
> The Brandywine Building
> 1000 West Street, 17th Floor
> Wilmington, Delaware 19801
> Telephone: (302) 571-6600
> jingersoll@ycst.com
> Attorneys for Teva Pharmaceuticals USA, Inc.