IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| THE PROCTER & GAMBLE CO., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C.A. No.: 04-940-JJF |
| ) | |
| TEVA PHARMACEUTICALS USA, INC., ) | |
| ) | |
| Defendant ) | |

**PLAINTIFF THE PROCTER & GAMBLE COMPANY'S
OPPOSITION TO DEFENDANT'S MOTION FOR RECONSIDERATION**

OF COUNSEL:
William F. Lee
David B. Bassett
Wilmer Cutler Pickering Hale and Dorr
60 State Street
Boston, MA 02109
617-526-6000

Frederick L. Cottrell, III (#2555)
Steven J. Fineman (#4025)
Richards, Layton & Finger, P.A.
One Rodney Square
P.O. Box 551
Wilmington, DE 19899-0551
302-651-7700
Cottrell@rlf.com
Fineman@rlf.com
Attorneys for Plaintiff The Procter & Gamble Company

Dated: May 24, 2005

RLF1-2879741-1

## INTRODUCTION

Defendant Teva Pharmaceuticals USA, Inc.'s ("Teva") Motion for Reconsideration focuses entirely on the Court's reference to potential jury confusion, while virtually ignoring the other, independent basis for the Court's decision -- that the above-captioned matter and the case captioned *Merck and Company v. Teva Pharmaceuticals USA, Inc.*, C.A. No. 04-939 (JJF) (the "Merck litigation") do not possess the requisite common legal or factual issues sufficient to justify consolidation. Unable to proffer any new evidence or facts sufficient to support reconsideration of this independent finding, Teva instead seeks to brush this dispositive issue aside by continuing to wrongly claim that the two actions involve "the same technology." Despite Teva's misleading characterization, however, it cannot escape the facts that the two actions actually involve different plaintiffs, different patents, different claim construction issues, different infringement analyses, different validity issues, and different fact and expert witnesses. Accordingly, the Court's denial of Teva's motion to consolidate was proper, and Teva's motion for reconsideration should be denied.

## ARGUMENT

### A. Introduction.

Motions for *reconsideration* should be granted only "sparingly." *See eSpeed, Inc. v. Brokertec USA, L.L.C*, 2005 WL 83471, at *1 (D. Del. Jan. 11, 2005) (denying motion for reconsideration); *Karr v. Castle*, 768 F. Supp. 1087, 1090 (D. Del. 1991) *aff'd sub nom. U.S. v. Carper*, 22 F.3d 303 (3d Cir. 1994) (TABLE). Pursuant to Delaware Local Rule 7.1.5, a motion for reconsideration which challenges the correctness of a previously entered order is considered the "functional equivalent" of a motion to alter or amend judgment pursuant to Fed. R. Civ. P. 59(e). *See In re DaimlerChrysler AG Secs. Litig.*, 200 F. Supp. 2d 439, 441 (D. Del. 2002) (citations omitted). The purpose of a motion for reconsideration filed pursuant to Rule 59(e) is

to "correct manifest errors of law or fact or to present newly discovered evidence." *See Max's Seafood Cafe v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). Moreover, motions for reconsideration may not be used to rehash arguments which have already been briefed by the parties and considered and decided by the Court. *See Karr*, 768 F. Supp. at 1090.

Therefore, a court should only alter or amend its judgment if it is presented with: (1) a change in the controlling law; (2) newly available evidence; or (3) the need to correct a clear error of law or fact to prevent manifest injustice. *See Max's Seafood*, 176 F.3d at 677. As described below, Teva's motion for reconsideration most assuredly does not meet that standard.

### B. Given The Existence Of An Independent Basis For The Court's Decision, There Is No Basis For Reconsideration Of Teva's Motion To Consolidate.

Teva does not contend that reconsideration is warranted due to a change in the controlling law or the presence of newly available evidence. Instead, Teva's argument is based solely upon the reference to potential jury confusion in the Court's May 6, 2005 Order denying Teva's motion to consolidate. Teva is correct -- and plaintiff The Procter & Gamble Co. ("P&G") does not dispute -- that neither this case nor the Merck litigation (which are both predicated upon Teva's filing of an Abbreviated New Drug Application ("ANDA")) may be tried before a jury. As a result, there is indeed no potential for jury confusion.

However, the Court correctly recognized the far more important fact that the two cases pose different factual and legal issues, and the Court relied upon this fact as an independent basis for denying Teva's motion. Given that, there is no reason to believe that, absent the issue of jury confusion, the Court would or should have reached a different decision regarding consolidation. *See Pharmastem Therapeutics, Inc. v. Viacell, Inc.*, 2004 WL 2898061, at *1 (D. Del. Dec. 14, 2004) (even if the court has committed an error, a motion for reconsideration should be denied if the error "would not alter the court's initial decision"); *Pirelli Cable Corp. v. Ciena Corp.*, 988

2

F. Supp 424, 455 (D. Del. 1998) (denying motion for reconsideration where court's error had no impact on its initial decision).[1] Therefore, Teva's motion should be denied.

### C. As The Court Correctly Found, Consolidation Is Unwarranted Because Each Of The Two Pending Cases Pose Distinct Legal And Factual Issues.

Teva acknowledges that, in denying its motion to consolidate, the Court also relied upon the different factual and legal issues involved in each case. However, just as it erroneously claimed in its initial brief seeking consolidation that the two case contain "identical subject-matter" (Teva's Brief in Support of Motion for Consolidation, at 1), Teva now baldly asserts that the cases "involve the same technology." (Teva's Brief in Support of Motion for Reconsideration, at 2). Simply repeating an incorrect assertion does not make it true. To the contrary, the cases are in fact quite different.

As described in detail in P&G's opposition to Teva's original motion to consolidate, the claims of the patent-in-suit in P&G's litigation (U.S. Patent No. 5,583,122 (the "'122 patent")), differ significantly from the patents at issue in the Merck litigation (U.S. Patent Nos. 5,994,329, 6,432,932 B1, and 6,465,443 B2 (collectively, the "Merck patents")). Whereas the claims of the '122 patent relate primarily to the discovery of novel bisphosphonate compounds, including risedronate, and are directed to the compounds, pharmaceutical compositions, and methods of treatment using such compounds, the Merck patents relate to later-developed technology and predominantly claim specific dosing regimens (*i.e.*, once-weekly, twice-weekly, biweekly and twice-monthly dosing), as well as compositions and kits useful in such dosing regimens.

---

[1] Indeed, the sole case relied upon by Teva is not to the contrary. In *Brambles USA, Inc. v. Blocker*, 735 F. Supp. 1239, 40 (D. Del. 1990), this Court not only *denied* the movant's motion for reconsideration, but concluded, "[i]n no event should reargument be granted where the matters advanced for reargument would not 'reasonably have altered the result [previously] reached by the Court....'" (citations omitted).

3

RLF1-2879741-1

These fundamental differences between the patents will inevitably spawn numerous unique issues that would render consolidation unnecessary and ineffectual. For example, the distinct claims in the '122 patent and the Merck patents will necessarily require the Court to construe different claim terms, and to conduct different infringement analyses. Likewise, validity issues will also differ, as different purported prior art will be separately relevant to the '122 patent and the Merck patents.

As a direct result of these distinctions, different fact and expert witnesses will be required to testify and opine on unrelated issues of infringement and validity. For example, the named inventors on the '122 patent are different than the inventors named on the Merck patents, and different attorneys prosecuted the '122 patent and the Merck patents. In addition, given that the issues for claim construction and determination of validity and infringement will differ, different documentary evidence will likely be required to prove each case.

Finally, given the parties' informal agreement to proceed with coordinated discovery and other pretrial proceedings in both of these matters, any potential advantages to formal consolidation are already being achieved.

Therefore, because -- as the Court has already concluded -- these cases involve distinct factual and legal issues, and because formal consolidation will not yield any benefits beyond those that will result from the parties' informal agreement to coordinate pretrial proceedings to the extent possible, consolidation is unwarranted. Moreover, given that Teva does not effectively challenge -- nor could it -- this independent basis supporting the Court's denial of its motion to consolidate, Teva's motion for reconsideration must similarly be denied.

## **CONCLUSION**

For the foregoing reasons, P&G respectfully requests that Teva's Motion for Reconsideration be denied.

OF COUNSEL:
William F. Lee
David B. Bassett
Wilmer Cutler Pickering Hale and Dorr
60 State Street
Boston, MA 02109
617-526-6000

Dated: May 24, 2005

/s/ Frederick L. Cottrell, III
Frederick L. Cottrell, III (#2555)
Steven J. Fineman (#4025)
Richards, Layton & Finger, P.A.
One Rodney Square
P.O. Box 551
Wilmington, DE 19899-0551
302-651-7700
Cottrell@rlf.com
Fineman@rlf.com
Attorneys for Plaintiff The Procter & Gamble Company

UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

**CERTIFICATE OF SERVICE**

I hereby certify that on May 24, 2005, I electronically filed the foregoing document with the Clerk of Court using CM/ECF which will send notification of such filing(s) and Hand Delivered to the following:

Josy W. Ingersoll, Esquire
Young Conaway Stargatt & Taylor, LLP
The Brandywine Building
1000 West Street, 17th Floor
P. O. Box 391
Wilmington, DE 19899-0391

I hereby certify that on May 24, 2005, I have sent by Federal Express, the foregoing document to the following non-registered participants:

**BY FEDERAL EXPRESS**
James Galbraith
Maria Luisa Palmese
Anthony Pfeffer
Kenyon & Kenyon
One Broadway
New York, NY 10004

Steven J. Fineman (#4025)
Richards, Layton & Finger, P.A.
One Rodney Square
P.O. Box 551
Wilmington, Delaware 19899
(302) 651-7700
Fineman@rlf.com

RLF1-2848946-1