IN THE UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| THE PROCTER & GAMBLE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>TEVA PHARMACEUTICALS U.S.A., INC.,<br><br>Defendant. | Civil Action No. 04-940 (JJF) |

## NOTICE OF RULE 30 (b)(6) DEPOSITION
## OF PROCTER & GAMBLE COMPANY

TO:   Frederick L. Cottrell, III Esq.
      RICHARDS LAYTON & FINGER
      One Rodney Square
      Wilmington, DE 19801

      David B. Bassett, Esq.
      WILMER CUTLER PICKERING HALE AND DORR LLP
      60 State Street
      Boston, MA 02109

PLEASE TAKE NOTICE that on November 2, 2005, at 9:00 am at the offices of Kenyon & Kenyon, One Broadway, New York, New York 10004, or at such other time and place as counsel may agree, in accordance with Fed. R. Civ. P. 30(b)(6) defendant Teva Pharmaceuticals USA, Inc. will take the deposition upon oral examination of plaintiff Proctor and Gamble Company by a person or persons designated by plaintiff to testify as to each of the following topics:

1. All facts, circumstances, and communications concerning the alleged commercial success of the inventions claimed in U.S. Patent No. 5,583,122.

2. The planning and implementation of such plans for the sales, marketing and promotion of any product containing risedronate by or on behalf of the Procter & Gamble Company in the United States from one year prior to launch until the present.

3. Sales of any product manufactured by or on behalf of the Procter & Gamble Company containing risedronate in the United States.

4. Sales of any product containing risedronate manufactured by or on behalf of the Procter & Gamble Company outside the United States.

5. Advertising related to the sales, marketing, or promotion of any product containing risedronate by the Procter & Gamble Company, including budgeting and expenditures related to any advertising.

6. The costs and expenses related to the manufacture of risedronate.

7. The profits experienced by the Procter & Gamble Company related to the sales of any product containing risedronate by or on behalf of the Procter & Gamble Company.

8. The determination of the sales price for any product containing risedronate sold in the United States by or on behalf of the Procter & Gamble Company, including but not limited to all studies or analyses of the market for bisphosphonates, the market potential for bisphosphonates, pricing options, and pricing strategies.

9. Any marketing studies or evaluations comparing any risedronate product sold by or on behalf of the Procter & Gamble product with any other product for the treatment of diseases associated with abnormal calcium or phosphate metabolism, including but not limited to products containing alendronate or other bisphosphonates.

10. Any comparisons, tests, studies or data (including but not limited to any thyroparathyroidectomized (TPTX) or Schenk models or tests) regarding the efficacy in treatment of diseases associated with abnormal calcium or phosphate metabolism, the toxicity, or the activity of risedronate as compared to any other diphosponate, including but not limited to 2-(2-pyridyl)-1-hydroxy-ethane-1,1-diphosphonic acid, alendronate, ethane-2-phenyl-1-hydroxy-1,1,diphosphonic acid, hydroxy (p-chlorophenyl) methylenediphosphonic acid, or their salts or esters.

11. The prosecution of U.S. Serial No. 06/684,543, and U.S. Serial No. 08/484,726 and the patent applications leading to U.S. Patent No. 5,583,122 and 4,761,406, including, but not limited to, the decision to file said patent applications, the decision to file any continuations, continuation-in-parts, or divisionals claiming priority to said applications, any patent interferences related to said applications, the decisions to

cite or not cite any relevant prior art to the patent office during the prosecution of said patent applications, and the decision to cancel any claims which were held during prosecution to have been allowable, objectable, or otherwise not rejected.

The deposition will be taken before a Notary Public (or another officer duly authorized to administer oaths) and may be videotaped, and will continue from day to day until completed. You are invited to attend and cross-examine.

YOUNG CONAWAY STARGATT
& TAYLOR, LLP

*/s/ Karen E. Keller*

Josy W. Ingersoll (#1088)
John W. Shaw (#3362)
Karen E. Keller (#4489)
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, Delaware 19899-0391
(302) 571-6672

Attorneys for Defendant Teva
Pharmaceuticals USA, Inc.

OF COUNSEL:

James Galbraith
Maria Luisa Palmese
A. Antony Pfeffer
KENYON & KENYON
One Broadway
New York, New York 10004
(212) 425-7200

DATED: October 14, 2005

## CERTIFICATE OF SERVICE

I, Karen E. Keller, hereby certify that on October 14, 2005, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

> Frederick L. Cottrell, III, Esquire
> Richards, Layton & Finger
> One Rodney Square
> Wilmington, DE 19801

I further certify that on October 14, 2005, I caused a copy of the foregoing document to be served by hand delivery on the above-listed counsel of record and on the following non-registered participants in the manner indicated:

**BY E-MAIL**

> William F. Lee, Esquire
> Wilmer Cutler Pickering Hale and Dorr LLP
> 60 State Street
> Boston, MA 02109

*/s/ Karen E. Keller*
Karen E. Keller (No. 4489)
YOUNG CONAWAY STARGATT & TAYLOR, LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
Telephone: (302) 571-6600
kkeller@ycst.com
Attorneys for Teva Pharmaceuticals USA, Inc.