# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| THE PROCTER & GAMBLE COMPANY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C.A. No.: 04-940-JJF |
| ) | |
| TEVA PHARMACEUTICALS USA, INC., ) | |
| ) | |
| Defendant. ) | |

**THE PROCTER & GAMBLE COMPANY'S SUPPLEMENTAL RESPONSE TO TEVA PHARMACEUTICALS U.S.A. INC.'S FIRST SET OF INTERROGATORIES (1-16)**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, The Procter & Gamble Company ("P&G") hereby objects and further responds to defendant Teva Pharmaceuticals U.S.A., Inc.'s ("Teva") First Set of Interrogatories (1-16) as follows:

**GENERAL OBJECTIONS**

1. P&G objects to each interrogatory, and to Defendant's Definitions and Instructions, to the extent they purport to impose upon P&G any obligation beyond those imposed by the Federal Rules of Civil Procedure and this Court's Local Rules, including, but not limited to, any interrogatory that exceeds the scope of Federal Rules of Civil Procedure 26 and 33.

2. P&G objects to each interrogatory to the extent that it seeks information that is protected from disclosure by the work product doctrine, the attorney-client privilege, or by any other applicable privilege or discovery immunity (collectively, "privileged"). The inadvertent supplying of privileged information or communications shall not constitute a waiver of any applicable protection.

RLF1-2930891-1

Subject to and without waiving the foregoing General and Specific Objections, P&G will provide to Teva an index of withheld documents at an agreed upon time providing properly discoverable information concerning any opinions of counsel received concerning the '122 patent.

**INTERROGATORY NO. 9**

Identify any unexpected properties which P&G contends any invention claimed in the '122 patent possesses and identify all facts on which P&G relies upon for its contention, including specifying which claimed invention(s) has such properties, describing such properties in detail, and explaining why P&G contends they were unexpected, identifying any comparisons made between the claimed invention and any other compounds, and identifying the persons most knowledgeable about, and all documents and things relating to, such contention.

**Response No. 9:**

In addition to the foregoing General Objections, P&G objects to this interrogatory on the grounds that, to the extent it requires P&G to "identify all facts on which P&G relies for its contention," "describe[e] such properties in detail," and "identify[ ] . . . all documents and things relating to" such contention, it is vague, ambiguous, overly broad, unduly burdensome, and seeks information that is neither relevant to the claims or defenses of any party in this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing General and Specific Objections, P&G states that Risedronate has unexpectedly superior efficacy, with lower toxicity, when compared to other bisphosphonates. P&G further responds that, pursuant to Fed. R. Civ. P. 33(d), it will produce or make available non-privileged documents from which additional information responsive to this interrogatory may be derived or ascertained.

**INTERROGATORY NO. 10**

Identify any secondary or objective indicia of non-obviousness of the invention(s) claimed in the '122 patent which P&G contends exists and identify all facts which P&G relies upon for its contention, including describing such indicia in detail, and identify the persons most knowledgeable about, and all documents and things relating to, such contention.

- 17 -

RLF1-2930891-1

**Response No. 10:**

In addition to the foregoing General Objections, P&G objects to this interrogatory on the grounds that, to the extent it requires P&G to "identify all facts which P&G relies upon for its contention," "describe[e] such indicia in detail," and "identify[ ] . . . all documents and things relating to" such contention, it is vague, ambiguous, overly broad, unduly burdensome, and seeks information that is neither relevant to the claims or defenses of any party in this litigation nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing General and Specific Objections, P&G states that secondary considerations of non-obviousness of Risedronate include unexpected results, long-felt, but unresolved need, commercial success, and praise for the invention. Prior art bisphosphonates were required to be administered at high dosages in order to successfully inhibit bone mineralization. However, at the high dosages required, such bisphosphonates were known to cause various side effects. Risedronate solved this long-felt, but unresolved problem because it was capable of inhibiting resorption of bone tissue at lower dosages than prior art bisphosphonates and, as a result, reduced the potential for gastrointestinal side effects. In addition, Risedronate possessed unexpectedly superior efficacy, with lower toxicity, when compared to other bisphosphonates. Because of Risedronate's surprising properties, it has achieved extraordinary commercial success, with sales of more than $2 billion since it came on the market in 1998.

P&G further responds that, pursuant to Fed. R. Civ. P. 33(d), it will produce or make available non-privileged documents from which additional information responsive to this interrogatory may be derived or ascertained.

| Name | Last Known Address | Subject Area |
|---|---|---|
| Christopher Perkins | 7230 Fernbak Avenue<br>Cincinnati, OH 54233<br>(513) 941-7098 | Involved in decision to file a continuation-in-part of the '543 application and/or in drafting of the '543 application |
| Richard Darragh | 425 Webbs Cove<br>Osprey, Florida<br>(941) 918-8146 | Involved in the decision to file a continuation-in-part of the '543 application |
| Walt Hedglin | 13316 53 Avenue, NW<br>Gig Harbor, WA 98332 | Involved in the decision to file a continuation-in-part of the '543 application |
| Gil Cloyd | The Procter & Gamble Company<br>One P&G Plaza<br>Cincinnati, OH 45202<br>(513) 983-1100 | Involved in the decision to file a continuation-in-part of the '543 application |
| Kim William Zerby | The Procter & Gamble Company<br>Miami Valley Innovation Center<br>11810 East Miami River Road<br>Cincinnati, OH 45061<br>(513) 983-1100 | Involved in drafting of the '543 application |
| George W. Allen | 7220 Farr Street<br>Annandale, VA 22003 | Involved with the filing or prosecution of the '122 patent |

AS TO OBJECTIONS:

*/s/ Frederick L. Cottrell, III*

Frederick L. Cottrell, III (#2555)
Steven J. Fineman (#4025)
Richards, Layton & Finger, P.A.
One Rodney Square

OF COUNSEL:
William F. Lee
David B. Bassett
Wilmer Cutler Pickering Hale and Dorr
60 State Street
Boston, MA 02109
617-526-6000

P.O. Box 551
Wilmington, DE 19899-0551
302-651-7700
Cottrell@rlf.com
Fineman@rlf.com
Attorneys for The Procter & Gamble Company

Dated: October 5, 2005

- 25 -

RLF1-2930891-1

## VERIFICATION

On behalf of The Procter & Gamble Company ("P&G"), and in my capacity as Vice President of Worldwide Strategic Planning for P&G, I have read the foregoing responses to Teva Pharmaceutical U.S.A., Inc.'s First Set of Interrogatories (1-16). I do not necessarily have direct personal knowledge of every fact contained herein. The responses were prepared with the assistance of P&G's employees and with the assistance and advice of counsel. The answers are based on records and information currently available. I reserve the right to make changes in or additions to any of these answers if it appears at any time that errors or omissions have been made or if more accurate or complete information becomes available. To the extent I do not have personal knowledge, I have relied on others to gather the responsive information.

I declare under the penalty of perjury that the foregoing is true and correct.

Signed this 5th day of October, 2005.          By: _____
                                                      Thomas Finn