IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| THE PROCTER & GAMBLE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>TEVA PHARMACEUTICALS USA, INC.,<br><br>Defendant. | Civil Action No. 04-940 (JJF) |

**DEFENDANT TEVA PHARMACEUTICALS USA, INC.'S BRIEF IN SUPPORT OF ITS MOTION TO PRECLUDE THE TESTIMONY OF PLAINTIFF'S PATENT LAW EXPERT**

July 6, 2006

OF COUNSEL:

James Galbraith
Maria Luisa Palmese
A. Antony Pfeffer
**KENYON & KENYON LLP**
One Broadway
New York, NY 10004-1007
(212) 425-7200

**YOUNG CONAWAY STARGATT & TAYLOR, LLP**
Josy W. Ingersoll (#1088)
Adam W. Poff (#3990)
The Brandywine Building
100 West Street, 17th Floor
P.O. Box 391
Wilmington, DE 19899-0391
(302) 571-6600
apoff@ycst.com

*Attorneys for Defendant
Teva Pharmaceuticals USA, Inc.*

# TABLE OF CONTENTS

**PAGES**

TABLE OF AUTHORITIES ...................................................................................................ii

INTRODUCTION ...................................................................................................................1

NATURE AND STAGE OF THE PROCEEDINGS ..............................................................1

SUMMARY OF ARGUMENT ...............................................................................................2

STATEMENT OF FACTS ......................................................................................................2

ARGUMENT............................................................................................................................3

CONCLUSION........................................................................................................................5

# TABLE OF AUTHORITIES

**PAGES**

**Cases**

*Applied Materials, Inc. v. Advanced Semiconductor Materials Am., Inc.*,
  No. C 92-20643, 1995 WL 261407 (N.D. Cal. Apr. 25, 1995) .......... 3-4

*Ely v. Manbeck*,
  17 U.S.P.Q.2d 1252 (D.C. Cir. 1990) .......... 4

*Gen. Battery Corp. v. Gould*,
  545 F. Supp. 731 (D. Del. 1982) .......... 3

*Lucas Aerospace, Ltd. v. Unison Indus., L.P.*,
  C.A. 93-535 (JJF) (D. Del. Mar. 9, 1995) .......... 3

*Marx & Co. v. Diner's Club, Inc.*,
  550 F.2d 505 (2d Cir. 1977) .......... 4

*MKS Instruments Inc. v. Applied Science & Tech., Inc.*,
  C.A. 03-469 (JJF) (D. Del. July 16, 2004) .......... 3

*Montgomery v. Aetna Cas. & Sur. Co.*,
  898 F.2d 1537 (11th Cir. 1990) .......... 4

*Revlon Consumer Prods. Corp. v. L'Oreal S.A.*,
  Civ. No. 96-192, 1997 Dist. LEXIS 4117 (D. Del. Mar. 26, 1997) .......... 3

*Specht v. Johnson*,
  853 F.2d 805 (10th Cir. 1988) .......... 4

*United States v. Zipkin*,
  729 F.2d 384 (6th Cir. 1984) .......... 4

*Viskase v. Am. Nat'l Can Co.*,
  No. 93 C 7651, 1996 U.S. Dist. LEXIS 9221 (N.D. Ill.),
  *appeal dismissed*, 1996 U.S. App. LEXIS 24242 (Fed. Cir. 1996) .......... 3

*W.R. Grace & Co. v. Viskase Corp.*,
  No. 90 C 5383, 1991 WL 211647 (N.D. Ill. Oct. 15, 1991) .......... 4

## INTRODUCTION

Not content with having two law firms to act as advocates on its behalf, plaintiff Procter & Gamble has retained a third firm to advocate its view of the law from the witness stand. In particular, P&G has submitted an expert report by a practicing attorney, Jerry D. Voight, a member of Finnegan, Henderson, Farabow, Garrett & Dunner. (Mr. Voight's expert report is attached hereto as Exhibit A.) Mr. Voight proposes to testify about his view of the law of "double patenting," and the application of the law to the facts of this case. Thus, he will perform the essential function of the lawyer: expounding a view of the law and advocating an outcome in light of an interpretation of the facts. Moreover, his about the workings of the PTO is not useful to the trier of fact in this non-jury case. Mr. Voight should not be permitted to testify.

## NATURE AND STAGE OF THE PROCEEDINGS

This is a patent infringement case in which P&G alleges that Teva Pharmaceuticals USA, Inc.'s ("Teva USA's") generic equivalents to P&G's Actonel products will infringe P&G's U.S. Patent 5,583,122. The '122 patent includes claims covering the compound risedronate, which is the active ingredient of Actonel, a drug prescribed primarily for the treatment of osteoporosis. Teva USA alleges that the '122 patent is invalid, and one of the grounds of invalidity is obviousness-type double patenting. That is, Teva USA asserts that the claimed invention of the '122 patent would have been obvious in view of the claimed invention of another P&G patent, U.S. Patent 4,761,406, and that the '122 patent is therefore invalid.

The pretrial order will be submitted July 10, 2006, and the pretrial conference is set for July 13. This is a non-jury case, and no trial date has been set.

1

## SUMMARY OF ARGUMENT

The law is clear in this District that "patent law experts" are not permitted to testify as to anything beyond an explanation of procedures and practices within the PTO. Here, Mr. Voight's proposed testimony goes way beyond that topic, and includes opinions on legal and factual issues at the core of Teva USA's obviousness-type double patenting defense. Moreover, since this is a non-jury case, PTO practices and procedures testimony will serve no useful purpose and would waste the Court's and the parties' time. For that reason, Mr. Voight should not be permitted to testify.

## STATEMENT OF FACTS

In his expert report, after setting forth his qualifications and a highly abbreviated explanation of the patent in suit, Mr. Voight launches into his proposed testimony about his opinions. First, he states that Teva USA's argument about the legal test to be applied in this case is "incorrect." He then proceeds to a discussion of why he believes that Teva USA is wrong as a matter of law, followed by an explanation of why he thinks that P&G's legal argument is correct. (*Id.* at 10-19.) In the course of this presentation, he refers to case law, to regulations and to the *Manual of Patent Examining Procedure*. He then marshals the facts as he understands them from his review of the documents in the case, draws inferences from those facts and applies his view of the law to them. He speculates about what would have transpired in the PTO if P&G had taken certain actions that it did not take. He opines that the so-called "two-way" test for double patenting applies rather than the "one-way" test unless the evidence shows that P&G deliberately delayed prosecution of the '122 patent. He states his opinion as to the reasonableness of certain actions taken by P&G, and then opines that P&G did not engage in "an

2

effort to delay prosecution." According to Mr. Voight, based on his opinion that P&G did nothing wrong, the "two-way test should be applied."

Thus, Mr. Voight's report makes clear that he intends to be nothing more than a talking brief for P&G. He will advocate from the stand P&G's view of the law, and he will apply it to the facts as P&G would like them to be found. Mr. Voight's function will be no different from that of P&G's other law firms: to convince the Court to adopt P&G's legal theory, to find the facts in favor of P&G, and finally, to apply his theory to the facts to reach P&G's desired outcome.

## ARGUMENT

This Court permits "patent law experts" to testify, if at all, only on practices and procedures in the PTO, and to do so only to educate the finder of fact on how the PTO works. *See Revlon Consumer Prods. Corp. v. L'Oreal S.A.*, Civ. No. 96-192, 1997 Dist. LEXIS 4117 (D. Del. Mar. 26, 1997) (patent law expert not permitted to testify about inequitable conduct because testimony would usurp functions of court and jury) (attached as Exhibit B); *Gen. Battery Corp. v. Gould*, 545 F. Supp. 731, 758 n.30 (D. Del. 1982) (no weight accorded patent law expert's testimony beyond PTO practice and procedure); *MKS Instruments Inc. v. Applied Science & Tech., Inc.*, C.A. 03-469 (JJF) (D. Del. July 16, 2004) (Order attached as Exhibit C); *Lucas Aerospace, Ltd. v. Unison Indus., L.P.*, C.A. 93-535 (JJF) (D. Del. Mar. 9, 1995) (Order attached as Exhibit D).

In this regard, this Court is in accordance with most others that have recently considered the issue. *See, e.g., Viskase v. Am. Nat'l Can Co.*, No. 93 C 7651, 1996 U.S. Dist. LEXIS 9221 (N.D. Ill.), *appeal dismissed*, 1996 U.S. App. LEXIS 24242 (Fed. Cir. 1996) (attached as Exhibit E); *Applied Materials, Inc. v. Advanced Semiconductor Materials Am., Inc.*, No. C 92-20643,

3

1995 WL 261407 (N.D. Cal. Apr. 25, 1995) (attached as Exhibit F); *W.R. Grace & Co. v. Viskase Corp.*, No. 90 C 5383, 1991 WL 211647 (N.D. Ill. Oct. 15, 1991) (attached as Exhibit G); *Ely v. Manbeck*, 17 U.S.P.Q.2d 1252, 1254 (D.C. Cir. 1990).

The universal judicial antipathy to the admission of legal opinion testimony is based on the principle that "the applicable law [can], in no sense, be considered a question of fact to be decided by the [trier of fact]." *Marx & Co. v. Diner's Club, Inc.*, 550 F.2d 505, 510-11 (2d Cir. 1977); *Montgomery v. Aetna Cas. & Sur. Co.*, 898 F.2d 1537, 1541 (11th Cir. 1990) (admission of expert's legal opinions held to be an abuse of discretion); *Specht v. Johnson*, 853 F.2d 805, 807-10 (10th Cir. 1988) (*en banc*) (holding that trial court erred in allowing expert to testify as to his legal opinions); *United States v. Zipkin*, 729 F.2d 384 (6th Cir. 1984) (court erred in permitting former bankruptcy judge to testify about bankruptcy law).

Here, Mr. Voight proposes to testify about issues that are the sole province of the Court as the source of the law and, in this non-jury case, as the finder of fact. Mr. Voight's expert report is replete with legal argument and legal conclusions, speculation, and the application of his view of the law to his view of the facts. His proposed testimony is a perfect exemplar of the type of testimony that is routinely excluded in this Court and elsewhere.

Although this Court and others sometimes permit patent experts to testify generally about the workings of the PTO, and to "walk through" the prosecution history in a particular case, this practice is a recognition of the practical difficulties of educating a jury about the documentary record without coherent narrative to explain the events the paper record memorializes. Since this is a non-jury case, and the prosecution history will be part the trial record, the parties' trial counsel will be able to explain it and its significance in their post-trial submissions. Thus,

Mr. Voight's testimony about the chronology of the PTO record is unnecessary and will be a waste of time.

## CONCLUSION

The judge should be the only person in the courtroom to state what the law is. Trial counsel should be the only persons in the courtroom permitted to address the Court to summarize the case law, apply the evidence to it, and argue for a legal conclusion of validity or invalidity of the claims in issue. Teva USA's motion to preclude P&G's patent attorney "expert" testimony should be granted.

Respectfully submitted,

YOUNG CONAWAY STARGATT & TAYLOR, LLP

July 6, 2006

_____
Josy W. Ingersoll (#1088)
Karen L. Pascale (#2903)
Adam W. Poff (#3990)
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE 19899-0391
(302) 571-6600
apoff@ycst.com

OF COUNSEL:

James Galbraith
Maria Luisa Palmese
A. Antony Pfeffer
KENYON & KENYON LLP
One Broadway
New York, NY 10004-1007
(212) 425-7200

*Attorneys for Defendant*
*Teva Pharmaceuticals USA, Inc.*

## CERTIFICATE OF SERVICE

I, Adam W. Poff, Esquire, hereby certify that on July 6, 2006, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

>Frederick L. Cottrell, III, Esquire
>Richards Layton & Finger
>One Rodney Square
>920 North King Street
>Wilmington, DE 19801

I further certify that on July 6, 2006, I caused a copy of the foregoing document to be served by hand delivery on the above-listed counsel of record and on the following non-registered participants in the manner indicated:

**BY E-MAIL AND FEDERAL EXPRESS**

>William F. Lee, Esquire
>Wilmer Cutler Pickering Hale and Dorr LLP
>60 State Street
>Boston, MA 02109

YOUNG CONAWAY STARGATT & TAYLOR, LLP

/s/ Adam W. Poff

Adam W. Poff (No. 3990)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
(302) 571-6600
apoff@ycst.com

Attorneys for Teva Pharmaceuticals U.S.A., Inc.