# EXHIBIT F

Westlaw.

Not Reported in F.Supp. Page 1
Not Reported in F.Supp., 1995 WL 261407 (N.D.Cal.)
**(Cite as: 1995 WL 261407 (N.D.Cal.))**

H

**Motions, Pleadings and Filings**

Only the Westlaw citation is currently available.

United States District Court,
N.D. California.
APPLIED MATERIALS, INC., Plaintiff,
v.
ADVANCED SEMICONDUCTOR MATERIALS AMERICA, INC., Epsilon Technology Inc., Doing Business as ASM Epitaxy, and Advanced Semiconductor Materials International
N.V., Defendants.
No. C 92-20643 RMW.

April 25, 1995.

Matthew D. Powers, Weil Gotshal & Manges, Menlo Park, CA, for plaintiff.

Don W. Martens, Knobbe Martens Olson & Bear, Newport Beach, CA, for defendants and counterclaimants.

RULINGS ON PRETRIAL MOTIONS
WHYTE, District Judge.

*1 The hearing on the parties' pretrial motions was held on April 21, 1995. After reviewing the papers and hearing the oral arguments of counsel, the court makes the rulings set forth below.

I. APPLIED MATERIALS MOTIONS
A. *In Limine* Re: 1985 Conception Proof

Applied seeks to exclude evidence of Goodwin's alleged 1985 conception of the use of reinforcing ribs on the outside of a quartz reaction chamber. ASM claims such evidence is relevant to its obviousness defense in that prior invention is probative of the level of ordinary skill in the art and suggests that those in the field were familiar with all of the basic concepts disclosed in the patent. Applied submits the evidence is inadmissible because: (1) Goodwin's alleged conception is not independently corroborated and (2) the only document showing the alleged conception is an inadmissible copy of a page from an unwitnessed, missing lab note book.

Neither the parties nor the court has found a case which expressly holds that testimony of a witness plus his own, unwitnessed drawing is admissible on the issue of obviousness. In *Hahn v. Wong,* 892 F.2d 1028, 1032 (Fed. Cir. 1989), the court held that an inventor, to establish reduction to practice for establishing priority, "must provide independent corroborating evidence in addition to his own statements and documents." ASM argues that *Price v. Symsek,* 988 F.2d 1187 (Fed. Cir. 1993) backs off this requirement and provides for a "rule of reason" test, to determine whether the inventor's prior conception testimony has been corroborated. Although *Price* does articulate a "rule of reason" test, it does not hold that uncorroborated testimony of an inventor plus his or her own unwitnessed drawing is sufficient. The closest it comes is by quoting from *Mergenthaler v. Scudder,* 11 App. D.C. 264, 278 (D.C. Cir. 1897):

[C]onception by an inventor, for the purpose of establishing priority, can not be proved by his mere allegation nor by his unsupported testimony where there has been no disclosure to others or embodiment of the invention in some clearly perceptible form, such as drawings or model, with sufficient proof of identity in point of time.

*Price,* 988 F.2d at 1194. It seems doubtful that an unwitnessed drawing, although bearing a purported date, would be "sufficient proof of identity in point of time." [FN1] In *Price* the inventor presented several exhibits, including an affidavit from someone else, corroborating the date of a drawing.

Although, as noted, no case has been found expressly discussing corroboration of conception in the context of an obviousness defense, the policy behind corroboration for establishing priority applies to a claim that those in the field were familiar with the idea of the invention thus making it obvious. In other words, if corroboration were not required there would be "a great temptation to perjury" and the absence of such a requirement "would have the effect of virtually precluding the adverse party from the possibility of rebutting such evidence." *Price,* 988 F.2d at 1994-95. Therefore, the court finds that the 1985 conception proof is not independently corroborated and should not be admitted.

*2 The court's conclusion that the evidence should be ex-

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Westlaw.

Not Reported in F.Supp.
Not Reported in F.Supp., 1995 WL 261407 (N.D.Cal.)
(Cite as: 1995 WL 261407 (N.D.Cal.))

Page 2

cluded is reinforced by the fact that the original drawing and the notebook in which it is allegedly contained are not available. F.R.E. 1004(1) does provide that the loss of the original, unless due to bad faith of the proponent, is a satisfactory explanation of nonproduction of the original. Although ASM's explanation of the loss is not as detailed as it should be, the court finds that it is sufficient to show that the loss was not due to the bad faith of ASM. However, the inability of Applied to review the purported lab book and surrounding pages does result in some unfairness to Applied. There are legitimate questions of authenticity given that the drawing was unwitnessed, that no witness has been identified who can corroborate its existence in 1985, and that ASM apparently took no action for several years on the alleged 1985 conception.

Even if the 1985 conception proof were deemed to meet the corroboration requirement for admissibility, the court finds that the evidence should be excluded because its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, and misleading the jury. F.R.E. 403. The probative value of one inventor's undisclosed conception of an invention is not persuasive evidence of the level of skill in the art. Further, the potential for the jury being confused or mislead is real in that the jury may not understand that the issue is not whether Goodwin came up with the idea first, but rather what was the level of skill in the art at the time of Applied's claimed invention. Finally, and most importantly, the risk of prejudice to Applied is significant in light of its limited ability to question the legitimacy and timing of the drawing.

For the above reasons, the court orders that Applied's motion to exclude the Goodwin 1985 conception proof is granted.

B. *In Limine* Re: ASM's Legal Expert

Applied submits that ASM's legal expert Nusbaum, a former supervising patent examiner and former member of the Patent Office Board of Patent Appeals and Interferences, should not be allowed to testify on the topics listed below. Nusbaum is not a technical expert and testified that he is not skilled in the relevant art and never worked in the relevant art units within the Patent Office. ASM argues that Nusbaum's testimony is designed to assist the jury in understanding the complex evidence that will be presented, particularly with respect to interpreting the materiality of prior art, the effect of prior art and test results not before or examined by the examiner, and the examiner's limited facilities.

1. *Testimony About What the Prior Art Teaches.*

Both parties agree Nusbaum cannot testify as to what the prior art teaches, because he is not a technical expert. The motion, therefore, as to this area is granted.

2. *Testimony About the Materiality of the Prior Art.*

The court grants Applied's motion to preclude testimony by Nusbaum about the "materiality" of prior art. He is not skilled in the art. Seilheimer, not Nusbaum, is the appropriate expert to address whether the prior art before the Patent Office is the most relevant prior art.

3. *Testimony About What the Examiner Would Have Done if Nusbaum Had Been the Examiner or if the Examiner Had Different Information.*

*3 The court grants Applied's motion precluding Nusbaum from testifying about what the examiner would have done if Nusbaum had been the examiner, or if the examiner had different information. The evidence would be irrelevant speculation and Nusbaum is not skilled in the art. Further, expert testimony is only appropriate if helpful to understand or to determine a fact in issue. F.R.E. 702. Generally, an expert may not advise a jury as to applicable principles of law. Cotchett, Elkind *Federal Courtroom Evidence,* 3rd Ed., p. 287.

4. *Testimony Regarding How the Examiner Would Have Reacted to the Results of Applied's Internal Development Program.*

The court grants Applied's motion requesting that Nusbaum be precluded from testifying about how the examiner would have reacted to the results of Applied's internal development program. Nusbaum is not skilled in the art. Further, how he personally would have reacted is irrelevant.

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.  
Not Reported in F.Supp., 1995 WL 261407 (N.D.Cal.)  
**(Cite as: 1995 WL 261407 (N.D.Cal.))**

Page 3

5. *Testimony Concerning Overwork, Quotas, Awards or Promotions at the Patent Office, or the Number of Patents that Issue Annually or Otherwise Insinuating that the Patent Office Does Not Do Its Job Properly.*

Applied submits that Nusbaum should not be allowed to make generalized attacks on the Patent Office. It argues that such an attack would show inappropriate disrespect for a quasi-judicial administrative body. *See,* United States v. Morgan, 313 U.S. 409, 422 (1941); Western Electric v. Pinezo Tech., 860 F.2d 428 (Fed. Cir. 1988). Applied also contends that a generalized attack would be irrelevant, because ASM has no evidence that the examiner who reviewed the application for the patents-in-suit were short of their "quotas," under bureaucratic pressure, or other factors that impacted the quality of their work. ASM counters that such evidence is necessary to rebut the presumption of validity and to provide the jury evidence to balance against Applied's reliance on the deference to be given to the decision of a government agency.

The presumption of validity is not substantive evidence - it is merely a procedural device assigning the burden of proof. Chore-Time Equip. Inc. v. Cumberland Corp., 713 F.2d 774, 780 (Fed. Cir. 1983). In other words, the presumption of validity merely explains why the attacker's burden is clear and convincing evidence. However, when the patentee relies upon the deference that is due to the Patent Office which is presumed to have properly done its job, the attacker can show that the Patent Office did not consider certain invalidating evidence, thus showing no need to defer. American Hoist & Derrick Co v. Sowa & Sons, Inc., 725 F.2d 1350, 1359 (Fed. Cir.), cert. denied 469 U.S. 832, 105 S.Ct. 95 (1984).

The court finds that the type of evidence Applied seeks to exclude is properly excluded and will not prevent ASM from presenting appropriate evidence to try and meet its burden and to point out when deference to the Patent Office's determination is not appropriate (e.g. by showing through a technical expert and the prosecution history that the examiner did not consider pertinent prior art.) Testimony about overwork, quotas, awards or promotions at the Patent Office, or the number of patents that issue annually or insinuating that the Patent Office does not do its job properly is excluded. Such evidence would be irrelevant speculation and would constitute an inappropriate attack on the Patent Office. The court will reconsider this ruling, however, if Applied opens the door by presenting evidence suggesting that some extraordinary deference is due in this case.

6. *Testimony About Patent Office Procedures that Do Not Relate to ASM's Only Defense of Obviousness.*

*4 The parties do not dispute that Patent Office procedures unrelated to obviousness are not relevant. Therefore, Applied's motion to exclude such evidence is granted recognizing, however, that some general evidence about the Patent Office and its procedures is necessary to understand the Patent Office's function with respect to examining non-obviousness.

7. *Evidence About Patent Office Burden Shifting Rules.*

The parties do not appear to dispute that the Patent Office's burden shifting rules are irrelevant. In any event, evidence pertaining to such rules is irrelevant and likely to be confusing to the jury who will be instructed on the burden of proof rules it must apply. Therefore, Applied's motion is granted and no evidence of the Patent's Office's burden shifting rules will be allowed absent a showing that some specific, relevant statement in the prosecution history cannot be understood without such an explanation.

C. *In Limine* Re: Exclude Experts from Courtroom (ASM's Cross-Motion on Same Subject.)

Applied submits that pursuant to F. R. E. 615 the parties' experts must be excluded from the courtroom. ASM counters that Rule 615(3) contains an exception for "a person whose presence is shown by a party to be essential to the presentation of the party's cause." The parties dispute whether ASM's counsel needs the assistance of its experts for the presentation of its cause. The court finds that an exception to the mandatory exclusion rule is supported here for ASM's technical expert, Seilheimer. The minimal danger that Seilheimer will substantially alter his testimony based upon prior testimony at trial, coupled with the compelling need for his expert assistance to counsel, supports the court's conclu-

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Case 1:04-cv-00940-JJF   Document 70-3   Filed 07/06/2006   Page 5 of 13

Westlaw.

Not Reported in F.Supp.                                                                                                    Page 4
Not Reported in F.Supp., 1995 WL 261407 (N.D.Cal.)
(Cite as: 1995 WL 261407 (N.D.Cal.))

sion. Therefore, each party's one technical expert will be permitted to be present during trial. This ruling, of course, does not give license to either expert to unfairly bolster his opinions by adding bases upon which he did not rely at his deposition.

D. *In Limine* Re: Nomura Evidence

Applied moves to preclude ASM from presenting Nomura as a trial witness, because ASM engaged in discovery obstruction. ASM denies that it engaged in unfair tactics and claims Nomura's testimony is important to its assertion of obviousness. Nomura will apparently testify that while at ASM Japan he independently conceived reinforcing a quartz chamber with external ribs.

This motion, unfortunately, requires the court to decide whether a party's conduct during discovery requires the exclusion of certain evidence. The court has reviewed in detail the various declarations, the transcript of the pretrial proceedings on February 2, 1995, and the parties' disclosures, letters and discovery responses. Although the court has some reservations about its conclusion, it finds that the Nomura evidence should not be excluded based upon the allegedly unfair actions of ASM.

Nomura and the documents on which ASM intends to rely were disclosed over two years ago. Applied did not ask for Nomura's deposition until November 15, 1994. ASM advised on November 16, 1994 that:

*5 Because ASM does not presently intend upon presenting Mr. Nomura as a fact witness at trial, ASM will not bring him to the United States for a deposition. In the event ASM decides to use him as a fact witness, ASM will make him available.

Apparently, ASM believed at that time that Nomura's conception was not independent of Goodwin's alleged conception. The fact that ASM's counsel had that belief causes the court to be a little suspicious of ASM's current claim that Nomura's conception was independent. [FN2] However, the court is not persuaded that there is sufficient evidence to support a conclusion that ASM is hiding evidence. The court has no reason to believe that counsel would engage in dishonest conduct and further finds that counsel's supervision of searches of files, although not technically in compliance with the court's February 2, 1995 order, was in good faith and reasonably thorough.

ASM advised Applied on January 17, 1995, that it intended to use Nomura. At the pretrial conference on February 2, 1995, the court ordered ASM to make Nomura available for deposition and also initially ordered that an ASM American attorney in Japan declare that ASM Japan's files had been reviewed and all documents relevant to Nomura's alleged conception were being provided. After ASM advised that it did not have an attorney from the United States in Japan, the court ordered that a representative of ASM Japan declare that the files had been reviewed and that an Applied attorney had been provided access to the files. After the hearing, ASM decided to send Attorney Treska, one of its of counsel, to Japan and he has provided a detailed declaration of what was searched by him and others. Although this declaration does not technically comply with the modified version of the court's order, it does meet the substance of it. It was what the court had ordered before it learned that ASM did not have an American attorney in Japan - a situation that was remedied by sending Attorney Treska.

The court is aware that Nomura stated at his deposition that he had not searched all of his files to see if there was anything related to development projects for reduced pressure Epsilon reactors. This evidence concerns the court but Nomura was not probed on what files existed that he did not search. The remainder of Nomura's deposition and Attorney Treska's declaration satisfies the court that a reasonable search was conducted and that Nomura should not be excluded as a fact witness. The court, although not pleased with ASM's handling of Nomura, is not convinced that Applied will be unfairly prejudiced by allowing him to testify. Therefore, Applied's motion to exclude Nomura evidence is denied.

II. ASM'S MOTIONS

A. *In Limine* Re: Letter from ASM's Counsel Describing ASM's Invalidity Contentions.

ASM seeks to exclude from evidence Applied Exhibit 54, which is a January 5, 1995 letter from ASM's litigation counsel to Applied's litigation counsel which outlines certain of ASM's contentions. Since ASM is not now contest-

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Westlaw.

Not Reported in F.Supp.  
Not Reported in F.Supp., 1995 WL 261407 (N.D.Cal.)  
**(Cite as: 1995 WL 261407 (N.D.Cal.))**

Page 5

ing infringement, Applied has withdrawn the exhibit. This issue is, therefore, moot.

B. *In Limine* Re: Subpoenas of Quartz Manufacturers

*6 ASM seeks to exclude evidence of Applied's subpoenas to various third party quartz manufacturer on the basis that the subpoenas are not probative of any issue presently in the case. ASM also argues that any relevance of the subpoenas is outweighed by the likelihood that they will constitute a time consuming digression. F.R.E. 403. Applied argues that the fact that the subpoenas yielded no evidence of any quartz design close to Applied's patented design makes them relevant to the cross-examination of ASM's technical expert Seilheimer. The court believes that the subpoenas, and the responses thereto, may well be an appropriate subject for cross-examination and, therefore, will not exclude reference to them at this time. ASM's motion is, therefor, denied.

C. *In Limine* Re: Skepticism Evidence

ASM moves to exclude evidence of skepticism that Applied seeks to introduce as objective indicia of non-obviousness. ASM claims that despite discovery requests, Applied has never identified any such evidence. Applied denies that it has evaded discovery on this issue and further orally represented that the evidence is contained in depositions that have been taken. Local Rule 235-7(i) provides that the pretrial statement contain a list of witnesses "together with a brief statement following each name describing the substance of the testimony to be given." Local Rule 235-7(j) requires a list of exhibits "with a brief statement following each describing its substance or purpose...." Since Applied represents that the evidence is contained in the discovery, ASM's motion is denied on the condition that Applied supplements the pretrial statement within five (5) days with appropriate lists of witnesses and documents supporting its skepticism proof.

D. *In Limine* Re: Evidence of Infringement

ASM moves to exclude evidence at trial of infringement by ASM's accused CVD reactor, since ASM does not dispute infringement if invalidity is not proved. ASM says the evidence would be both a distraction and prejudicial. Applied responds that it does not plan to offer any evidence only relevant to infringement but believes that the fact that ASM infringes, if its invalidity claim fails, is of substantial probative value. Specifically, it shows that ASM's witnesses have a motive to embellish their testimony to help ASM and save their jobs. The court agrees that the point is a proper one for cross-examination. Applied must make clear, however, that ASM is not contesting infringement except on the theory that one cannot infringe an invalid claim. Applied also may tell the jury that ASM gets to go first in presenting its opening, its evidence, and its argument because it has the burden of proof. However, there is no need to discuss what would have been the order of presentation had ASM contested infringement. With these understandings, ASM's motion to exclude evidence of infringement is denied. ASM, of course, is free to object to any evidence Applied seeks to offer on the basis that it is solely related to the non-disputed issue of infringement.

E. *In Limine* Re: Other Patent Infringement Actions

*7 ASM moves to preclude the admission of evidence of the other prior or pending patent infringement actions between the parties. ASM argues that such evidence is irrelevant and, even if relevant, the relevance is outweighed by the danger of undue prejudice, confusion and delay. Applied agrees that prior liability findings are irrelevant but submits that the facts and circumstances of the prior litigation may prove relevant.

Oral argument revealed little actual disagreement between the parties. Both appear to agree that prior testimony of experts may be relevant. The only issue on which the parties definitely disagree is on whether Applied's technical expert can support his opinion regarding the ordinary skill in the art by reference to Judge Ingram's finding of the level of ordinary skill in the art in case number C-91-20061. The court agrees with ASM that such reliance would be improper. The case is on appeal. The court seriously questions whether such a finding is the type of evidence on which expert's normally rely. Further, the prejudicial effect of the evidence would seem to outweigh its probative value, as it would be hard to get into Judge Ingram's finding without a discussion of the outcome of the case. Also, the court's finding, which is not yet final, might carry undue weight in the minds of

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Westlaw.

Not Reported in F.Supp. Page 6
Not Reported in F.Supp., 1995 WL 261407 (N.D.Cal.)
**(Cite as: 1995 WL 261407 (N.D.Cal.))**

the jurors.

ASM's motion to exclude evidence is granted insofar as the court orders excluded evidence of liability findings in other litigation and reference to Judge Ingram's finding on the level of ordinary skill in the art in case number C-91-20061. It is otherwise denied as premature. Reference to other litigation may be necessary if expert testimony from any of those proceedings is relevant for some purpose. The existence of other litigation in and of itself, of course, has no relevance.

F. *In Limine* Re: Testimony of Tom Thompson Re: Prior Work at AG Associates

ASM also seeks to exclude the testimony of Thompson regarding a purported failed attempt to design a thick-walled quartz reactor chamber to withstand reduced-pressure operation. ASM asserts that Thompson is not competent to testify because the purported attempt was made by a company known as AG Associates before he started to work there. Therefore, since he has no personal knowledge, he is barred by F.R.E. 602 which says a witness cannot testify to a matter absent personal knowledge of it. Further, argues ASM, anything Thompson was told would be inadmissible hearsay under F.R.E. 801 and 802.

Applied counters that Thompson's testimony is relevant because the recognition of need and difficulties encountered by those skilled in the field are indicia of unobviousness. Applied says Thompson's testimony is admissible because he has personal knowledge of the thick walled chamber and the tests that were run on it showing that the walls got too hot. He also knows that his company abandoned work on a thick-walled reactor. Assuming Applied can lay a foundation that Thompson has first hand knowledge of these events, he is competent to testify. However, his deposition testimony is not clear as to whether the testing was done before he arrived and how he has knowledge of the test results. It appears he may have observed the test results himself or it may be that he was merely informed by others who did testing before he arrived. If he has no personal knowledge of the testing, he would not be competent to testify as to what those results showed. In other words, he could testify that AG had a thick-walled chamber and that AG abandoned the project on it, but he could not testify as to the reason. The state of mind hearsay exception (F.R.E. 803(3)) does not apply. Nor can the statement of the reason the project was abandoned be considered a non-hearsay statement if offered for the truth of the reason. It is not an assessment of a product's quality and marketability of the type executives make inferentially from what they are told by customers and engineers as was the assessment in the case of *Agfa-Gevart, A.G. v. A.B. Dick Co.,* 879 F.2d 1518, 1523 (7th Cir. 1989) cited by Applied.

*8 ASM's motion to exclude is denied. However, before the evidence can be received, Applied will have to lay a proper foundation showing personal knowledge for its admissibility.

G. *In Limine* Re: Failed Attempts by Others and Long Felt Need

ASM moves to exclude evidence of failed attempts by others and long felt need as objective indicia of nonobviousness. The same analysis and ruling is appropriate here as in the case of the skepticism evidence discussed in II C above. Therefore, ASM's motion is denied on the condition that Applied supplements the pretrial statement within five (5) days with the appropriate lists of witnesses and documents supporting its failed attempts and long felt need proof.

H. Motion to Add Russian Reference

ASM moves to add a recently obtained prior art publication (the "Russian Reference") to its trial exhibit list. It claims it only recently discovered the reference. Applied argues that ASM has failed to adequately explain why the reference was not found earlier and claims it will be prejudiced by the late addition. The court believes that ASM has shown sufficient justification for its late disclosure and that any prejudice to Applied can be minimized, if not eliminated, by: (1) requiring ASM to produce Seilheimer at a reasonable time and location designated by Applied for further deposition; (2) precluding reference to the Russian reference by any ASM witness other than Seilheimer; and (3) requiring ASM to supplement its expert disclosure at least twenty-four hours before Seilheimer's supplemental deposition with an explan-

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Westlaw.

Not Reported in F.Supp. Page 7
Not Reported in F.Supp., 1995 WL 261407 (N.D.Cal.)
**(Cite as: 1995 WL 261407 (N.D.Cal.))**

ation of how the art fits into ASM's obviousness claim.

ASM's motion to add the Russian Reference is granted on the above conditions.

> FN1. ASM argued at the hearing that it had other corroborating evidence. However, despite extensive briefing including extensive citations to evidence, ASM offered no such evidence in response to Applied's motion. The court has only considered the evidence properly before it.

> FN2. ASM's current claim, however, precludes Nomura as a witness to corroborate Goodwin's alleged conception.

Not Reported in F.Supp., 1995 WL 261407 (N.D.Cal.)

**Motions, Pleadings and Filings (Back to top)**

• 5:92CV20643 (Docket) (Oct. 01, 1992)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

# EXHIBIT G

Westlaw.

Not Reported in F.Supp.
Not Reported in F.Supp., 1991 WL 211647 (N.D.Ill.)
(Cite as: 1991 WL 211647 (N.D.Ill.))

Page 1

H

**Motions, Pleadings and Filings**

Only the Westlaw citation is currently available.

United States District Court, N.D. Illinois, Eastern Division.
W.R. GRACE & CO., Plaintiff,
v.
VISKASE CORPORATION, Defendant.
No. 90 C 5383.

Oct. 15, 1991.

*MEMORANDUM OPINION AND ORDER*
CONLON, District Judge.

*1 Plaintiff W.R. Grace & Co.--Conn. ("Grace") sues defendant Viskase Corporation ("Viskase") for infringing Grace's patent ("the Ferguson patent"). By court order, the bench trial of this matter is trifurcated. The issue of infringement, including the issue of willfulness, shall be tried first. If necessary, the issue of validity shall then be tried, and the issue of damages shall be tried last. The infringement trial shall begin on October 24, 1991. Discovery closed on August 30, 1991. Nine motions *in limine* are before the court. Seven motions are brought by Viskase and two motions are brought by Grace.

*DISCUSSION*
A motion *in limine* serves to exclude irrelevant or otherwise inadmissible evidence prior to trial, rather than relying upon sustained objections at trial. To exclude evidence before trial, the evidence must clearly be inadmissible on all possible grounds. A ruling on a motion *in limine* is subject to change as events at trial unfold. *Moore v. General Motors Corp., Delco Remy Div.,* 684 F.Supp. 220 (S.D.Ind.1988). Furthermore, a trial judge has broad discretion to determine the relevance of proffered evidence. *Hamling v. United States,* 418 U.S. 87, 124-25 (1974); *United States v. Laughlin,* 772 F.2d 1382, 1392 (7th Cir.1985). Accordingly, it is inappropriate to exclude evidence as irrelevant without the context of trial.

*Viskase's Motions in Limine*

(1) Motion to exclude the testimony of Donald W. Banner

After the close of discovery on August 30, 1991, Grace designated Donald W. Banner ("Banner") as an expert witness. Grace has proffered Banner, a patent attorney, to testify on certain legal issues at both the infringement and validity trials. Viskase moves to exclude Banner's testimony on the ground that there is no need for a patent lawyer to explain patent law to the court. Viskase is correct. Federal judges are expected to be experts on federal law. *Vucinich v. Paine, Webber, Jackson & Curtis, Inc.,* 803 F.2d 454, 461 (9th Cir.1986). Accordingly, the testimony of a legal expert in federal cases is generally unnecessary. *Marx & Co. v. Diner's Club, Inc.,* 550 F.2d 505, 510 (2nd Cir.1977), cert. denied, 434 U.S. 861 (1977); *See also Loeb v. Hammond,* 407 F.2d 779, 781 (7th Cir.1969) (question of legal effect of contract is for judge, thus expert testimony not permitted).

Both parties are represented by numerous patent lawyers. Banner's proffered testimony offers no meaningful assistance to the court as the trier of fact. Fed.R.Evid. 702. Thus, Viskase's motion to exclude Banner's testimony is granted.

(2) and (3) Motions to exclude testimony of William MacKnight and Steven Garland

Also after the close of discovery, Grace designated Dr. William MacKnight ("MacKnight") and Steven Garland ("Garland") as technical expert witnesses. Viskase moves to exclude the testimony of both witnesses on asserted prejudice to Viskase's trial preparation. However, Grace has informed the court that neither MacKnight nor Garland will be called at the infringement trial. Grace's response at p. 3, n. 3. Thus, Viskase's motions to exclude the testimony of MacKnight and Garland are denied as moot for purposes of the infringement trial. If necessary, Viskase may renew its motions *in limine* to exclude MacKnight and Garland at the validity trial. In any event, Grace shall not be permitted to call either MacKnight or Garland at the infringement trial.

(4) Motion to exclude the use of deposition testimony of any of Viskase's witnesses who are available for trial

*2 Viskase moves to prohibit Grace from introducing into evidence any deposition testimony of any of Viskase's witnesses who are available for trial, with the exception of Fed.R.Civ.P. 30(b)(6) ("Rule 30(b)(6)") testimony. Viskase

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Westlaw.

Not Reported in F.Supp. Page 2
Not Reported in F.Supp., 1991 WL 211647 (N.D.Ill.)
**(Cite as: 1991 WL 211647 (N.D.Ill.))**

contends that the only other situation in which deposition testimony may be introduced at trial is where a witness is unavailable as defined by Rule 32(a)(3).

Viskase's selective reading of the Federal Rules is inappropriate. Rule 32(a)(1) allows the use of deposition testimony to contradict or impeach a trial witness in accordance with the Federal Rules of Evidence. Furthermore, Rule 32(a)(2) provides that the depositions of an officer, director or managing agent of a corporate party may be used by an adverse party at trial for *any purpose* (emphasis added). See *Fey v. Waltson & Co.*, 493 F.2d 1036, 1045-46 (7th Cir.1974) (deposition of party witness may be introduced as substantive evidence even if party witness is available at trial.) This is in addition to Rule 30(b)(6) deposition testimony, which the adverse party may also use for any purpose.

The proper time to consider the admissibility of deposition testimony is at trial. If Viskase has a problem with Grace's use of deposition testimony, Viskase may object. The court may then properly decide the issue in the context of the trial. Viskase's motion is denied.

(5) Motion to exclude evidence contrary to Grace's admissions made during its Rule 30(b)(6) depositions.

Viskase argues that Grace is bound by its Rule 30(b)(6) deposition testimony as a matter of law. On this basis, Viskase moves to preclude Grace from introducing any evidence that is contrary to statements made in its Rule 30(b)(6) depositions.

Once again, Viskase misconstrues the law. It is true that a corporation is "bound" by its Rule 30(b)(6) testimony, in the same sense that any individual deposed under Rule 30(b)(1) would be "bound" by his or her testimony. All this means is that the witness has committed to a position at a particular point in time. It does not mean that the witness has made a judicial admission that formally and finally decides an issue. Deposition testimony is simply evidence, nothing more. Evidence may be explained or contradicted. Judicial admissions, on the other hand, may not be contradicted. *Brown & Root, Inc. v. American Home Assur. Co.*, 353 F.2d 113 (5th Cir.1965), *cert. denied*, 384 U.S. 943 (1966). Viskase ignores the differences between evidentiary testimony and judicial admissions. [FN1]

If a Grace trial witness makes a statement that contradicts a position previously taken in a Rule 30(b)(6) deposition, then Viskase may impeach that witness with the prior inconsistent statement. Viskase's motion is denied.

(6) Motion to exclude evidence of validity or infringement of any patent claim other than those agreed as representative

In the final pretrial order of September 24, 1991, the parties agreed that claims 1, 2, and 7 of the Ferguson patent are representative of the claims at issue in this suit. On this basis, Viskase argues that Grace is formally committed to presenting evidence only on claims 1, 2, and 7 only. Thus, Viskase seeks to exclude all evidence regarding any patent claim other than these three "representative" claims.

*3 Again, Viskase attempts to confuse the issue. Grace agreed that three of its patent claims are "representative" of the numerous patent claims that Grace has consistently maintained throughout the litigation. This does not mean that Grace agreed that these three claims are *exclusive*. The stipulation is clearly not preclusive in nature. Viskase will not now be permitted to bar most of Grace's claims by its strained reading of the pretrial order and of the law. [FN2] Accordingly, Viskase's motion is denied.

(7) Motion to exclude as evidence of willfulness Viskase's activities before the issuance of the Ferguson patent

The issue of Viskase's willfulness in copying the Ferguson patent is an important issue in the infringement trial. However, a party generally cannot be held liable for willfully infringing an unissued patent. *Gustafson, Inc. v. Intersystems Industrial Products, Inc.*, 897 F.2d 508, 510 (Fed.Cir.1990). Viskase concludes from this legal principle that all evidence regarding Viskase's alleged activities prior to the issue of the Ferguson patent is irrelevant, and thus should be excluded.

Viskase's conclusion is baseless. *Gustafson* does not establish a *per se* rule that willful infringement may never be found when manufacture of the accused device began prior to the issuance of a patent. *Id*. Instead, courts must look to the totality of the circumstances in determining willful in-

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Westlaw.

Not Reported in F.Supp.
Not Reported in F.Supp., 1991 WL 211647 (N.D.Ill.)
(Cite as: 1991 WL 211647 (N.D.Ill.))

Page 3

fringement. *Id.; See also Central Soya Co. v. George A. Hormel & Co., 723 F.2d 1573, 1577 (Fed.Cir.1983).* Application of the totality of circumstances test has led several courts to findings of willful infringement where the infringer began manufacturing before the issuance of the patent-in-suit. *See e.g. Kaufman Co. v. Lantech, Inc., 807 F.2d 970, 979 (Fed.Cir.1986); Pacific Furniture Mfg. Co. v. Preview Furniture Corp., 800 F.2d 1111, 1114-15 n. 9 (Fed.Cir.1986).*

The proper time to consider the relevance of evidence is at trial. Accordingly, Viskase's motion is denied.

*Grace's Motions in Limine*

(1) Motion to exclude the testimony of Harri Brax, Roger Conant, and Evo Magrini

On August 29 and 30, 1991, Viskase identified Harri Brax ("Brax"), Roger Conant ("Conant"), and Evo Magrini ("Magrini") as trial witnesses. Discovery closed on August 30, 1991. Grace moves to exclude the testimony of these three witnesses. Grace argues that Viskase's last-minute disclosure of these witnesses has prejudiced Grace's trial preparation.

However, Viskase has represented to the court that these three witnesses will testify only at the validity trial. [FN3] Therefore, Grace's motion to exclude Brax, Conant, and Magrini is denied as moot for purposes of the infringement trial. If necessary, Grace may renew its motion *in limine* to exclude these witnesses from the validity trial. In any event, Viskase shall not be permitted to call Brax, Conant or Magrini at the infringement trial.

(2) Motion to preclude evidence of Viskase's reliance on opinions of counsel

*4 In the infringement trial, Viskase plans to assert a defense of reliance on the opinions of counsel ("the advice of counsel defense") against Grace's claim of willful infringement. Grace moves to preclude Viskase from offering evidence in support of Viskase's advice of counsel defense.

Grace argues that despite several discovery requests, Viskase has produced only one opinion of counsel, while asserting attorney-client privilege for other documents relevant to the advice of counsel defense. According to Grace, the assertion of the advice of counsel defense and the production of one opinion of counsel effectively waives any attorney-client privilege regarding documents relevant to this defense. On this point, Grace is correct. *Abbott Laboratories v. Baxter Travenol Laboratories, Inc., 676 F.Supp. 831, 832-833 (N.D.Ill.1987)* (alleged infringer relying on advice of counsel defense must waive attorney-client privilege as to all relevant subject matter). Grace argues that since Viskase has resisted production of documents regarding its advice of counsel defense, Viskase should be precluded from asserting this defense at trial. In the alternative, Grace moves that the court compel Viskase to produce all documents relevant to the advice of counsel defense.

Grace's motion *in limine* is procedurally improper. If Grace contends that Viskase has wrongfully resisted discovery, then Grace should have filed a motion to compel. [FN4] Instead of utilizing the proper procedures to compel discovery, Grace waited until after discovery closed to file this motion *in limine* to preclude Viskase's advice of counsel defense. Alternatively, Grace attempts to turn this motion *in limine* into a belated motion to compel. This is not acceptable. By failing to file a motion to compel, Grace chose to take an all-or-nothing approach with this motion *in limine*. Since Grace cannot have it all, Grace gets nothing. *See Droughn v. FMC Corp., 74 F.R.D. 639, 642 (E.D.Pa.1977).* Accordingly, Grace's motion is denied. [FN5]

CONCLUSION

Viskase's motion *in limine* to exclude the testimony of Donald W. Banner is granted. Viskase's six other motions *in limine* are denied. Both of Grace's motions *in limine* are denied.

> FN1. None of the cases cited by Viskase support its position. All of these cases use the term "binding" in the same sense described above. *Clayton Sanders v. Circle K. Corp., 137 F.R.D. 292 (D.Ariz.1991)* (a corporation cannot be compelled to designate a witness under Rule 30(b)(6) if that witness lacks authority to bind the corporation); *Poitain Tower Cranes, Inc. v. Capitol Tower Cranes, Inc., 892 F.2d 74 (4th Cir.1989)* (affirmed

Case 1:04-cv-00940-JJF   Document 70-3   Filed 07/06/2006   Page 13 of 13

Westlaw.

Not Reported in F.Supp.
Not Reported in F.Supp., 1991 WL 211647 (N.D.Ill.)
(Cite as: 1991 WL 211647 (N.D.Ill.))

Page 4

summary judgment against corporation based upon uncontroverted Rule 30(b)(6) deposition statements); *Ierardi v. Lorillard, Inc.,* No. 90-7049, slip op., 1991 WL 158911, 1991 U.S.Dist. LEXIS 1187 (E.D.Pa. Aug. 20, 1991) (corporation has duty to prepare Rule 30(b)(6) designee to give binding answers, rather than allow designee to profess ignorance until trial); *McDevitt & Street Co. v. Marriott Corp.,* 713 F.Supp. 906 (E.D.Va.1989) (similar to *Ierardi* ).

FN2. Viskase's only cited authority, *Technitrol, Inc. v. Digital Equipment Corp.,* 62 F.R.D. 91 (N.D.Ill.1973), is not on point. *Technitrol* involves a plaintiff that *expressly* agreed to be bound by the determination of five selected claims out of the twenty-four patent claims originally brought.

FN3. Final Pretrial Order, vol. II, tab D2, p. 2. *See also* Viskase's second and third supplemental responses to interrogatory no. 19. These are marked as Attachments B and C in Viskase's response to Grace's motion *in limine.*

FN4. Not surprisingly, all of the relevant cases relied upon by Grace involve motions to compel, not a motion *in limine. Abbott Laboratories,* 676 F.Supp. at 831; *Baxter Travenol Laboratories, Inc. v. Abbott Laboratories,* 1987 WL 10988, 1987 U.S. Dist LEXIS 10324 (N.D.Ill. May 15, 1987); *Antonious v. Wilson Sporting Goods Co.,* 1990 WL 106530, U.S. Dist. LEXIS 8359 (N.D.Ill. July 6, 1990).

FN5. In Viskase's response to Grace's motion, Viskase requests that the court *sua sponte* dismiss Grace's willful infringement claim. Apparently, Viskase is attempting to turn its response to Grace's motion *in limine* into a motion for summary judgment. This is also procedurally improper. The court shall decide the willful infringement issue based upon the evidence presented at trial. Viskase's request is denied.

**Motions, Pleadings and Filings (Back to top)**

• 1:90cv05383 (Docket) (Sep. 14, 1990)

END OF DOCUMENT

Not Reported in F.Supp., 1991 WL 211647 (N.D.Ill.)

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.