IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| THE PROCTER & GAMBLE COMPANY, ) <br> ) <br> Plaintiff, ) <br> v. ) <br> ) <br> TEVA PHARMACEUTICALS USA, INC., ) <br> ) <br> Defendant. ) <br> ) | Civil Action No. 04-940-JJF |

**REPLY IN SUPPORT OF THE PROCTER & GAMBLE COMPANY'S MOTION IN LIMINE TO STRIKE THE "EXPERT REPORT OF JESSE DAVID, PH.D."**

In its Opposition to The Procter & Gamble Company's Motion *in Limine* to Strike the "Expert Report of Jesse David, Ph.D." ("Opp."), Teva asserts that "P&G has failed … to justify the exclusion of Dr. David's report and testimony" because, among other reasons, P&G has shown no prejudice. (Opp. at 1). This argument not only misses the point of P&G's motion, it elides the fundamental problem with the David Report: the opinions contained therein are inadmissible under the *Federal Rules of Evidence*. As set forth in P&G's motion *in limine*, but not addressed by Teva in its Opposition, Dr. David's report and his testimony are inadmissible for the reasons set forth below.

**A.   Dr. David Does Not Rebut P&G's Expert Report On Commercial Success.**

Teva represents to the Court that "Dr. David's testimony will relate entirely to his opinions…about the economic issues raised in Dr. Smith's report," (Opp. at 1), and that his "testimony is strictly related to analyzing the economic realities in this case with respect to those economic underpinnings so the Court can apply economic realities," (Opp. at 7). Dr. David's report demonstrates otherwise. Dr. David does not cite a *single* document related to commercial success, does not challenge *any* of the facts or opinions set forth in Dr. Smith's report, does not

- 1 -

RLF1-3036541-1

provide analysis regarding any "economic underpinnings," and instead offers legal analysis of caselaw. (*See* David Report at 4-5).[1]

### B. Dr. David Offers An Inadmissible "Opinion" On The Evidentiary Weight Of Commercial Success Evidence.

In the very first sentence of his report, Dr. David states that he will "provide an opinion regarding the *relevance* of information related to commercial success in an analysis of the obviousness of a patent." (David Report at 1 (emphasis added)). Dr. David goes on to recite caselaw from several jurisdictions to form his "opinion" that "[a]ny apparent commercial success of Actonel therefore does not provide evidence that the claims at issue of the '122 patent were non-obvious, relative to the prior art, at the time the applications for that patent were filed." A legal opinion on the relevance or sufficiency of evidence is inadmissible. Determination of whether evidence is relevant is within the Court's decision making power, and is not the province of experts. *See, e.g., Watkins v. New Castle County*, 374 F.Supp.2d 379, 393 (D. Del. 2005); *see also Gordon v. Lewistown Hosp.*, 423 F.3d 184, 215 (3d Cir. 2005) (admissibility of evidence is within the discretion of the trial judge).[2]

---

[1] To the extent Dr. David does intend to offer non-legal opinions at trial "about the economic issues raised in Dr. Smith's report," the David Report fails completely in its obligation to disclose "a complete statement of all opinions to be expressed and the basis and reasons therefore," Fed.R.Civ.P 26(a), and Dr. David should be precluded from supplementing his opinions on those issues at this time. *See nCube Corp. v. Seachange Int'l, Inc.*, 313 F.Supp.2d 361, 386 (D. Del. 2004) ("Opinions of experts that are not contained in an expert's report are generally not admitted into evidence.").

[2] Incredibly, Teva has filed a motion to strike the expert report and testimony of P&G's expert, Jerry Voight, whom P&G intends to offer to testify on the narrow subject of patent interference practice and procedure, arguing that Mr. Voight's opinions are legal in nature. However, a comparison of Dr. David's report with Mr. Voight's reveals that, contrary to Teva's assertions, it is Dr. David, not Mr. Voight, who purports to offer a legal opinion.

C.  **Dr. David's Legal Opinion Will Not Assist The Trier Of Fact.**

Dr. David's legal opinion on the relevance of commercial success evidence is inadmissible because it can in no way "assist the trier of fact to understand the evidence or to determine a fact in issue." Fed. R. Evid. 702.

D.  **Dr. David Is Not Qualified To Offer The Legal Opinions Set Forth In His Report.**

Even if it were proper for Teva to offer an expert to opine on the relevance of certain evidence, Dr. David is an economist, not a lawyer, and therefore does not have the requisite "knowledge, skill, experience, training, or education" to offer the "expert" legal conclusions in his report. *See* Fed.R.Evid. 702.

For all these reasons and those set forth in P&G's motion *in limine*, P&G respectfully requests that this Court strike the David Report and preclude Dr. David or any other Teva expert from testifying about the topics addressed in the David Report at any deposition, hearing, or trial in this matter.

/s/ Fredrick L. Cottrell III

Fredrick L. Cottrell III (#2555)
Steven J. Fineman (#4025)
Richards Layton & Finger, P.A.
P.O. Box 551
One Rodney Square
Wilmington, Delaware 19899-0551
(302) 651-7700
Attorneys for Plaintiff
The Procter & Gamble Company

*OF COUNSEL*:
William F. Lee
David B. Bassett
Vinita Ferrera
Wilmer Cutler Pickering Hale and Dorr LLP
60 State Street
Boston, Massachusetts 02109
(617) 526-6000

Dated: July 12, 2006

RLF1-3036541-1

## CERTIFICATE OF SERVICE

I hereby certify that on the 12th day of July, 2006, two true and correct copies of the foregoing were caused to be served on counsel of record at the following addresses as indicated:

**VIA HAND DELIVERY:**
Josy W. Ingersoll, Esq.
Young Conaway Stargatt & Taylor, LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801

**VIA FEDERAL EXPRESS**
James Galbraith
Maria Luisa Palmese
Anthony Pfeffer
Kenyon & Kenyon
One Broadway
New York, New York 10004

_____
Steven J. Fineman (#4025)

RLF1-3036545-1