```
          IN THE UNITED STATES DISTRICT COURT
             FOR THE DISTRICT OF DELAWARE
```

THE PROCTOR & GAMBLE COMPANY, :
:
      Plaintiff, :
:
  v. :
: Civil Action No. 04-940-JJF
TEVA PHARMACEUTICALS USA, :
INC., :
:
      Defendant. :

## MEMORANDUM ORDER

Pending before the Court is The Proctor & Gamble Company's Motion In Limine To Strike The "Expert Report of Jesse David, Ph.D." (D.I. 66). For the reasons discussed, the Motion will be granted.

### I. BACKGROUND

On June 19, 2006, Plaintiff filed its Motion In Limine, contending that Dr. Jesse David's Expert Report for Defendant should be excluded because it is untimely and inadmissible under the Federal Rules of Evidence. (D.I. 66). Defendant filed its answering brief on July 6, 2006, contending that the untimely filing did not prejudice Plaintiff and that the Report was admissible. (D.I. 68). Defendant asserts that Dr. David will testify as an economist on commercial success, a secondary consideration in Defendant's defense that U.S. Patent No. 5,583,122 ("the '122 patent") is obvious. Id. Plaintiff filed

its reply in support of its Motion in Limine on July 12, 2006.

## II. DISCUSSION

A court has broad discretion to admit or exclude evidence under the Federal Rules of Evidence. Gumbs v. Int'l Harvester, Inc., 718 F.2d 88, 97 (3d Cir. 1983). Federal Rule of Evidence 702 states:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

Fed. R. Evid. 702. The Rules of Evidence do not permit expert testimony as to legal conclusions. Watkins v. New Castle County, 374 F. Supp. 2d 379, 393 (D. Del. 2005) (citing Salas by Salas v. Wang, 846 F.2d 897, 905 n.5 (3d Cir. 1988)); see Fed. R. Evid. 704.

Here, the Court concludes that Dr. David's Expert Report would not assist a trier of fact and exceeds the scope of his expertise as an economist. Under Rule 702, the Court is obligated to ensure that any scientific testimony or evidence admitted is relevant and reliable. Watkins, 374 F. Supp. 2d at 391. Defendant contends that Dr. David would limit his testimony to "the economic issues raised in Dr. Smith's report, specifically the economic import of the sales of the patented

product on the issue of obviousness." (D.I. 68). Dr. David's Expert Report contains no statement limiting his testimony to obviousness and instead states that Dr. David will offer an opinion on the relevance of information related to commercial success. (D.I. 66 Ex. A). In the Court's view, Dr. David's Report focuses on case law related to commercial success and discusses its applicability to the instant action, and therefore, the Court concludes that Dr. David's Expert Report is a legal opinion that is inadmissible under Rule 702 because it will not assist the Court in resolving a fact in issue. Accordingly, the Court will grant Plaintiff's Motion In Limine To Strike The "Expert Report of Jesse David, Ph.D." However, the Court will allow Defendant to submit a revised expert report from Dr. David that presents his opinions as an economist on the issue of commercial success.[1]

---

[1] Because Plaintiff's motion asserts a violation of the Court's Scheduling Order, the Court must apply the "Pennypack factors" to determine whether Plaintiff is unduly prejudiced or surprised or whether Defendant's actions are in bad faith or demonstrate a willing failure to comply with the Court's Order. ABB Air Preheater v. Regenerative Envtl. Equip. Co., 167 F.R.D. 668, 672 (D.N.J. 1996)(quoting Meyers v. Pennypack Woods Home Ownership Ass'n, 559 F.2d 894, 904-905 (3d Cir. 1977)). Here, the Court concludes that neither prejudice nor bad faith exists. Defendant filed Dr. David's Expert Report on April 12, 2006, well in advance of the bench trial scheduled for November 6, 2006, and in rebuttal to Plaintiff's secondary consideration evidence of commercial success. Id. at 672-73.

**ORDER**

NOW THEREFORE IT IS HEREBY ORDERED that Plaintiff's Motion In Limine To Strike The "Expert Report of Jesse David, Ph.D." is **GRANTED**. Defendant is permitted to submit a revised expert report from Dr. David, consistent with this Memorandum Order, no later than **September 1, 2006.**

August 4, 2006

_____
UNITED STATES DISTRICT JUDGE

4