```
          IN THE UNITED STATES DISTRICT COURT
             FOR THE DISTRICT OF DELAWARE

THE PROCTOR & GAMBLE COMPANY,    :
                                 :
        Plaintiff,               :
                                 :
    v.                           :
                                 : Civil Action No. 04-940-JJF
TEVA PHARMACEUTICALS USA,        :
INC.,                            :
                                 :
        Defendant.
```

**MEMORANDUM ORDER**

Pending before the Court is Defendant Teva Pharmaceuticals USA, Inc.'s Motion To Preclude The Testimony Of Plaintiff's Patent Law Expert (D.I. 69). For the reasons discussed, the Motion will be granted in part and denied in part.

**I. BACKGROUND**

In this patent infringement case, Defendant argues that Plaintiff's patent, U.S. Patent No. 5,583,122 ("the '122 patent") is invalid because of obviousness-type double patenting. Plaintiff submitted the Rebuttal Expert Report of Jerry D. Voight in response to Defendant's Expert Report of George R. Lenz, Ph.D., to address patent interference practices and whether the one-way or two-way test should be used for determining obviousness-type double patenting in this case. (D.I. 70 Ex. A). On July 6, 2006, Defendant filed the instant Motion to preclude Plaintiff from proffering Mr. Voight's testimony on any of the

opinions set forth in his expert report. (D.I. 69). Defendant contends that Mr. Voight's testimony would exceed the scope permitted by the Court because it will include legal conclusions and goes beyond the practices and procedures of the U.S. Patent and Trademark Office (PTO). (D.I. 69 at 3). In Response, Plaintiff contends that Mr. Voight's expert testimony is within the parameters permitted by the Court because it includes the workings of the PTO and the prosecution history in this case. (D.I. 74). Plaintiff's answering brief included an Amended Rebuttal Expert Report of Jerry D. Voight, removing certain legal conclusions, and now contends that Defendant's concerns are moot.[1] (D.I. 74 Ex. A).

## II. DISCUSSION

A court has broad discretion to admit or exclude evidence under the Federal Rules of Evidence. <u>Gumbs v. Int'l Harvester, Inc.</u>, 718 F.2d 88, 97 (3d Cir. 1983). Federal Rule of Evidence 702 states that

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods

---

[1] For the purposes of its review of this Motion, the Court considers only the Amended Rebuttal Expert Report of Jerry D. Voight (D.I. 74 Ex. A).

2

reliably to the facts of the case. Fed. R. Evid. 702.  The Rules of Evidence do not permit expert testimony as to legal conclusions.  Salas by Salas v. Wang, 846 F.2d 897, 905 n.5 (3d Cir. 1988); see Fed. R. Evid. 704.

This Court excludes testimony by patent law experts on substantive issues of patent law.  (D.I. 70 Ex. C, D); Revlon Consumer Prods. Corp. v. L'Oreal S.A., 1997 U.S. Dist. LEXIS 4117, at *9-10 (D. Del. March 26, 1997).  Testimony by Mr. Voight must therefore be restricted to PTO practice and procedures and may not include legal conclusions or substantive issues of patent law.

In response to Defendant's Motion, Plaintiff's expert removed his legal opinions on two-way testing in the Amended Rebuttal Expert Report.  (D.I. 74 Ex. A).  Plaintiff agrees to refrain from soliciting Mr. Voight's opinion about which test for obviousness-type double-patenting should apply in this case. (D.I. 74 at 7).  Despite Plaintiff's assurances, the Court concludes that section "V. Opinions and Basis Therefor," sub-section "A. Legal Background for Opinions" of Mr. Voight's report must be stricken because it contains inadmissible legal conclusions.  (D.I. 74, Ex. A at 10-11).

**ORDER**

NOW THEREFORE IT IS HEREBY ORDERED that Defendant Teva Pharmaceuticals USA, Inc.'s Motion To Preclude The Testimony Of Plaintiff's Patent Law Expert (D.I. 69) is **GRANTED** and section V., sub-section A., of Mr. Voight's "Amended Rebuttal Expert Report" (D.I. 74 Ex. A at 10-11), is stricken.

August 4, 2006

_____
UNITED STATES DISTRICT JUDGE