RICHARDS, LAYTON & FINGER
A PROFESSIONAL ASSOCIATION
ONE RODNEY SQUARE
920 NORTH KING STREET
WILMINGTON, DELAWARE 19801
(302) 651-7700
FAX (302) 651-7701
WWW.RLF.COM

STEVEN J. FINEMAN

DIRECT DIAL NUMBER
302-651-7592
FINEMAN@RLF.COM

July 6, 2007

**BY ELECTRONIC FILING**
The Honorable Joseph J. Farnan, Jr.
United States District Court for
the District of Delaware
Federal Building
844 King Street
Wilmington, Delaware 19801

      RE: **The Procter & Gamble Company v. Teva Pharmaceuticals USA, Inc.,**
            **C.A. No.: 04-940-JJF**

Dear Judge Farnan:

    We represent The Procter & Gamble Company ("P&G") in the above-captioned case, which was tried before the Court in November 2006. We write to bring to the Court's attention the Federal Circuit's recent decision in *Takeda Chemical Industries, Ltd. v. Alphapharm Pty., Ltd.*, No. 06-1329 (June 28, 2007). The *Takeda* decision represents the Federal Circuit's first application of the Supreme Court's recent *KSR Int'l Co. v. Teleflex, Inc.*, 127 S.Ct. 1727 (2007) decision to a case involving a new pharmaceutical compound. In particular, in *Takeda*, the Federal Circuit rejected an argument identical to that asserted by defendant Teva Pharmaceuticals here, namely that the structural similarity of claimed and prior art compounds with substituted pyridyl rings is sufficient to establish prima facie obviousness. A copy of the opinion is attached.

    In *Takeda*, the Federal Circuit, among other things:

        • affirmed the district court's conclusion that the defendant had "failed to prove by clear and convincing evidence" that the asserted claims of Takeda's U.S. Patent No. 4,687,777 was invalid as obvious (*id.* at 1, 5);

        • rejected the defendant's argument that Takeda's patent, which claims a pharmaceutical compound with an ethyl group attached at the 5-position on the pyridyl ring, was prima facie obvious over the closest prior art compound, which included a methyl group attached at the 6-position on the pyridyl ring (*id.* at 20-21);

        • concluded that the Federal Circuit's test for "prima facie obviousness for chemical compounds is consistent with the legal principles enunciated in *KSR*" and that "in cases involving new chemical compounds, it remains necessary to identify some reason that would

RLF1-3174977-1

The Honorable Joseph J. Farnan
July 6, 2007
Page 2

have led a chemist to modify a known compound in a particular manner to establish prima facie obviousness of a new claimed compound" (*id.* at 10); and

- rejected the defendant's contention that the prior art "fell within the objective reach of the claim" and that, as a result, *KSR* mandated reversal. The *Takeda* court rejected this contention because it concluded that (a) "the prior art disclosed a broad selection of compounds any one of which could have been selected as a lead compound for further investigation," and (b) the closest prior art compound "exhibited negative properties that would have directed one of ordinary skill away from that compound." (*Id.* at 15).

If Your Honor should have any questions or concerns, undersigned counsel remains available at the Court's convenience.

Respectfully,

Steven J. Fineman (#4025)

SJF/lll
Enclosure

cc:   Clerk of the Court (w/e) (By Electronic Filing)
      Josy W. Ingersoll, Esquire (w/e) (By Electronic Filing)
      Vinita Ferrera, Esquire
      Frederick L. Cottrell, III, Esquire

RLF1-3174977-1